FILED
SUPERIOR COURT
OF GUAM

2025 AUG 20 PH 2: 48

CLERK OF COURT

BY:_____

IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| GUAM FIRE DEPARTMENT, by and through the Office of the Attorney General,<br><br>Petitioner,<br><br>vs.<br><br>THE GUAM CIVIL SERVICE COMMISSION,<br><br>Respondent,<br><br>3 GFD EMPLOYEES (J.J. CRUZ, R.T. CANDASO, AND J.A. PANGELINAN),<br><br>Real Parties In Interest. | SPECIAL PROCEEDINGS NO. SP0055-22<br><br><br>**DECISION AND ORDER**<br>*Re: Respondent's Motion to Dismiss and Real Parties in Interest's Motion to Dismiss* |

On May 9 2025, this matter came before the Court for a hearing on two Motions to Dismiss (collectively, "Motions") filed by Respondent Guam Civil Service Commission ("CSC") and Real Parties in Interest Jason J. Cruz, Roy T. Candaso, and James A. Pangelinan (collectively, "GFD Employees") on December 23, 2024 and Decemeber 20, 2024, respectively. GFD was represented by the Deputy Chief Attorney General Joseph Guthrie via Zoom. The CSC was represented by Attorney Katherine Nepton via Zoom, and the GFD Employees were represented by Attorney Jacqueline Terlaje.

## BACKGROUND

This special proceeding arises from the CSC's March 17, 2022 decision declaring null and void a series of personnel actions reappointing the Firefighters. On April 25, 2022, GFD

filed the instant Petition for Judicial Review ("Petition"). On May 19, 2023, the GFD Employees filed a counterclaim seeking declaratory relief. GFD did not file a reply to the Counterclaim until January 31, 2024. On December 20, 2024, the GFD Employees filed their Motion to Dismiss Under Rule 41(b) ("Employees Motion"), seeking dismissal pursuant to Guam R. Civ. P. ("GRCP") 41(b) for failure to prosecute. On December 23, 2024, the CSC filed its Motion to Dismiss, also pursuant to GRCP 41, seeking dismissal for failure to prosecute and failure to obey the Court's order. Both Motions based their arguments upon the undisputed facts that Petitioner Guam Fire Department ("GFD") had failed to file a timely response to the GFD Employees' Counterclaim and had failed to timely file documents in several other instances.

In its opposition to the above Motions to Dismiss, the Office of the Attorney General ("OAG"), on behalf of GFD, only asserted that it was not provided with notice of the Court's September 18, 2024 Order, which mandated that the OAG file another briefing after the OAG's withdrawal of its previous, "grossly negligent" brief. The OAG asserted that its office was not properly served with notice due to an alleged mistake by the Clerk of Court.

At the April 29, 2025 hearing, the Court stated that it would issue an Order on the Clerk of Court to file a written report on its inquiry into the assertions made by the OAG, which the Court would review before taking the matter under advisement. Shortly after the hearing, the OAG filed a Correction of Memorandum of Points and Authorities in Support of Opposition to Motions to Dismiss indicating that the OAG incorrectly alleged mistake on the part of the Clerk of Court. Based on the OAG's Correction, the Court took the Motions to Dismiss under advisement on April 29, 2025.

## DISCUSSION

Pursuant to GRCP 41(b), a defendant may move for dismissal of an action or of any claim against the defendant "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court."

Under Guam law, the determination of what constitutes a failure to prosecute sufficient to warrant dismissal under GRCP 41(b) is based on the *Santos* test, which was adopted by the Guam Supreme Court from the Ninth Circuit's approach. *Santos v. Carney*, 1997 Guam 4 ¶¶ 4-5 (citing *Lynn v. Chin Heung Int'l Inc.*, 852 F.2d 1221 (9th Cir. 1988)). The *Santos* test is comprised of five factors, and dismissal is appropriate where at least four factors favor dismissal or three strongly support it. *Lujan v. McCreadie*, 2014 Guam 19 ¶ 7.

### I.     First Factor

The first factor is the public's interest in expeditious resolution of litigation, which the Guam Supreme Court has held always favors dismissal. *GEDA v. Affordable Home Builders, Inc.*, 2013 Guam 12 ¶ 17. In evaluating this factor, the Court's responsibility is to weigh the cumulative length of delay attributable to the plaintiff and examine "whether the plaintiff failed to pursue the case diligently and did so for reasons that do not amount to good cause." *Id.* ¶ 18. However, "[t]he fact that a lengthy amount of time has passed from the filing of the complaint until the motion to dismiss does not warrant dismissal when the plaintiff has pursued her case diligently throughout." Id. ¶ 19.

This case, filed in April 2022, has been delayed repeatedly due to Petitioner's inaction. Upon review of the record, the OAG failed as GFD's counsel by failing to timely respond to the Employees' counterclaim, missing its own agreed-upon deadlines, and then failing to comply with court-ordered deadlines. Moreover, at no point does the record indicate that the OAG sought

timely extensions or offered good cause for these failures. The resulting pattern of dilatory conduct has impeded the efficient judicial administration of this case and has undermined public confidence in the timely resolution of governmental litigation and thus weighs strongly in favor of dismissal.

## II. Second Factor

The second factor is the Court's need to manage its docket, as courts must balance their need to manage their dockets effectively against the delays caused by a plaintiff's failure to prosecute. The trial court is generally given deference in determining whether a delay is reasonable, as it is in the best position to assess how much delay can be tolerated before its docket becomes unmanageable. *GHURA v. Dongbu Ins. Co., Ltd.*, 2002 Guam 3 ¶ 17. This factor is typically weighed in conjunction with the first factor due to their mutual contribution to judicial economy. *Santos*, 1997 Guam 4 ¶ 7.

As noted above, the OAG's failures have impeded the Court's efficient administration of this case, to the point that the Court was required to exercise its discretion to manage its docket by issuing its September 18, 2024 Order requiring the OAG to refile its brief in support of judicial review after the OAG openly admitted to its failure to properly prepare for and prosecute this case. This factor also weighs strongly in favor of dismissal.

## III. Third Factor

The third factor is the risk of prejudice to the defendant. The Guam Supreme Court has held that "once a delay is determined to be unreasonable [...] prejudice is presumed." *Lujan v. Tebo*, 2024 Guam 15 ¶ 39. "If left unrebutted, the presumption of prejudice is sufficient to support dismissal." *Id.* In GFD's opposition to the Motions, the OAG attributed its delayed response solely to "Court personnel serving documents on the personal e-mail addresses of

individuals known to Court personnel to work in the Civil Litigation Division of the [OAG]." Opp., at 2. However, on April 29, 2025, the OAG filed a Correction to its opposition, stating that its assertion that its allegation about Court personnel was incorrect, but giving no other reason as to its delay. "The burden is on the plaintiff to show the delay is reasonable and that the defendant is not prejudiced by the delay." *Park v. Kawashima*, 2010 Guam 10 ¶ 11.

There being no reason for the delay, and the OAG having offered no rebuttal to the presumption of prejudice, the Court finds that GFD has failed to meet its burden and that this factor also weighs strongly in favor of dismissal.

## IV. Fourth Factor

The fourth factor is the public policy favoring the disposition of cases on their merits. While public policy generally favors resolving cases on their merits, this factor does not shield plaintiffs who fail to prosecute their cases diligently. Rather, the policy must weight against the first two factors. *Id.* ¶ 22.

The Guam Supreme Court has noted that "[i]t is sufficient to demonstrate that the plaintiff has 'ignored his responsibilities to the court in prosecuting the action and the defendant had suffered prejudice as a result thereof.'" *Id.* ¶ 23. The Supreme Court has further held that this policy should not be used defensively by plaintiffs who neglect their responsibilities to prosecute, especially when defendants suffer prejudice due to the plaintiff's delay.

The OAG's conduct, including its failure to file a timely response, its submission of a negligent brief, and its noncompliance with the Court's orders, undermines any equitable interest in having the case reach resolution on the merits, and the Court thus finds that this factor also weighs in favor of dismissal.

## V.  Fifth Factor

The fifth and final factor is the availability of less drastic sanctions. Before dismissal, the Court must consider whether less severe sanctions could address GFD's failure to prosecute. While the Guam Supreme Court has noted that dismissal is a harsh penalty and should only be imposed in extreme circumstances, when lesser sanctions have already been imposed and proven ineffective, dismissal may be warranted. *See, e.g. Pet. of Quitugua v. Flores*, 2004 Guam 19 ¶¶ 21-23.

The Court has already exercised restraint in granting GFD additional time to prosecute its case, and GFD has not shown that lesser sanctions were sufficient to prompt compliance. Further, any monetary sanctions imposed on GFD or the OAG would only fall on the government and thus the taxpayers of Guam. Accordingly, the Court finds that lesser sanctions are no longer warranted and that this factor also weighs in dismissal.

Having found that at least four of the *Santos* facts weigh in favor of dismissal under GRCP 41(b) and that at least three factors weigh heavily in favor of dismissal under 41(b), the Court will **GRANT** both Motions.

## CONCLUSION

Based on the above, the Court **GRANTS** the CSC's Motion to Dismiss and the GFD Employees' Motion to Dismiss pursuant to GRCP 41(b) and dismisses the Petition for Judicial Review in its entirety with prejudice.

**SO ORDERED** _____ AUG 2 0 2025 _____ .

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**